[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 7, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14127
Non-Argument Calendar

_____

D. C. Docket No. 05-00180-CR-22JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO MARTINEZ,
a.k.a. Alex,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 7, 2007)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Alejandro Martinez appeals his sentence for conspiracy to possess with

intent to distribute 100 grams or more of heroin, 500 grams or more of methamphetamine, 500 grams or more of cocaine, and 50 grams or more of cocaine base, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(iii), (b)(1)(A)(viii), (b)(1)(B)(ii); and possession with intent to distribute heroin, 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Martinez argues that the district court erred when it applied a two-level leadership-role enhancement to his base offense level under the Guidelines. U.S.S.G. § 3B1.1(c). We affirm.

"A district court's upward adjustment of a defendant's Guidelines offense level due to his status as a leader or organizer under U.S.S.G. § 3B1.1 is a finding of fact reviewed only for clear error." United States v. Phillips, 287 F.3d 1053, 1055 (11th Cir. 2002). Martinez acknowledges on appeal that, at his "change of plea" hearing, he admitted that his brother, Javier, a coconspirator, would not do anything unless told to do so by Martinez. Because "the assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement," United States v. Jimenez, 224 F.3d 1243, 1251 (11th Cir. 2000), cert. denied, 534 U.S. 1043, 122 S. Ct. 60 (2001), the district court did not clearly err.

**AFFIRMED.**